Overton, J.
 

 delivered the following opinion of the Court: —
 

 In this case it appears from the pleadings and finding of a jury on the issues of fact, that Mrs. Ballard was possessed of a negro man named Robin ; that she employed the defendant Harwell to hire him out; that he did hire him to the complainant for one year at the price of forty-seven dollars, for which sum a bill single was executed; that on taking the negro home and putting him to plantation work, it was discovered that the negro had a sore leg of long standing, which rendered him of but little value as a plantation slave ; and that it was known to the defendants when the negro was hired that he was unsound. In this state of things, the complainant returned the negro; he was then placed with a physician, where he remained about three weeks and recovered so far, as it is stated in the answer, as to be able to go to work. Mrs. Ballard then offered to return him, but Appleton refused to take him, alleging that he had been defrauded.
 

 After the time had expired for which the negro had been hired, suit was brought by Harwell, in whose name the bill obligatory was taken. At law the Court permitted Appleton to contest the payment of the money, on the ground of fraud ; and after the contest, a judgment was recovered for upwards of fifty dollars.
 

 The complainant files his bill in this Court, to be relieved on the foregoing statement of facts. Several facts were submitted to a jury, and, among other things, they found that the negro, at the time of his being hired and long before, had a sore leg and other complaints, so as to render him unfit for a field negro or other service. They also found that the defendants knew the condition of the slave at the time he was hired, and that the defendant Harwell represented him to be sound, active, lively, and fit for plantation service.
 

 The complainant states that he failed to get redress at law, but no particular ground is laid whereby he failed.
 

 The first question is whether the Court has jurisdiction ? And if it has, in what manner shall the complainant be relieved ?
 

 Fraud is the foundation of this complaint, and, with propriety, evidence of it could not be received at law. It was, however, received there ; an investigation took place, but it proved unavailable. Independent of this investigation at law, no doubt could be entertained but that this Court have jurisdiction. Fraud is always cognizable in equity; it was originally of equitable jurisdiction, and although the court of law took cognizance of it, this Court is not thereby precluded from examining the same subject, where it is clearly perceived that justice has not been done in a case where the matter of defence is of an equitable nature, and which, in a court of
 
 *185
 
 law, proved unavailable. If a court of law were competent, in its ordinary mode of proceeding, to afford adequate redress from the plain and simple nature of a defence there set up, a different question might be presented. But fraud is not of that description. In courts of law it is frequently difficult if not impossible to probe it. Under these circumstances it would be improper to turn the complainant out of this Court on the principle that he endeavored to make a defence available at law, which always was of an equitable nature, and a fit ground for this Court to proceed upon. As this Court had jurisdiction of the subject-matter of this defence previous to the commencement of the suit at law, they still have it.
 

 Suppressio veri
 
 or
 
 suggestio falsi
 
 are proper principles for the jurisdiction of this Court. Both exist in this case. The defendant Harwell not only misrepresented the situation of the negro, but fraudulently concealed it.
 

 The complainant, by returning the negro, put an end to the contract; nor was he bound to receive him again on an offer to return him after his leg was mended by medical aid.
 

 Beside, it will be remembered that this Court is the only tribunal in which this fraud could legally be investigated. Against the bill obligatory on which the action at law was founded, it ought not to have been received in evidence, and the illegality of the proceeding at law in admitting that evidence can make no alteration in the principles upon which the jurisdiction of this Court is founded.